PER CURIAM.
Plaintiff-appellant, Mona Hotchkiss, appeals from a post-decretal order entered subsequent to a final decree of divorce requiring the plaintiff to pay, pursuant to a stipulation incorporated in and made a part of the final decree, one-third of certain taxes of 1964 which have been assessed against the defendant, his partner and certain corporations owned by the defendant and his partner.
Appellant contends she is not liable for taxes imposed in or subsequent to 1963.
A disposition of this contention necessarily requires a determination of the meanings of the paragraphs of the stipulation which were incorporated in and made a part of the final decree. The pertinent parts of which are as follows:
“6.(f) The defendant is now in the process of defending a contingent income tax claim in the approximate amount of $230,000.00. The Plaintiff is hereby obligated to pay one-third of the amount, if any, finally determined by suit or negotiation, to be due under this claim * * *.
“6.(g) In the event further claims are filed by .the Internal Revenue Service for additional taxes due upon past joint returns filed by the parties/or any vicarious tax liability imposed upon the Defendant and/or Plaintiff individually, which arise from the Defendant’s or Plaintiff’s proprietary interest in any partnership and/or corporation in which the Plaintiff held a proprietary interest, the Plaintiff will be obligated to pay one-third (1/3) of the amount, if any, finally determined by suit, negotiation, or otherwise, to be due * * *
“6.(h) The Defendant, Ira A. Hotch-kiss, is solely and exclusively liable and responsible for the payment of all 1963 income taxes. The Plaintiff shall jointly file the tax return with the Defendant, but he shall pay all tax due and shall save the Plaintiff harmless from all, future, contingent, tax claims arising from the filing of the 1963 tax return.
(( * # *
“6.(1) The Plaintiff, Mona Plotchkiss, shall immediately after the entry of this Decree sign, execute or do whatever else is necessary to transfer all remaining properties other than Plaintiff’s personal property and possessions, both real and personal, tangible or intangible, no matter how titled or how held * *
The trial court held that Mona Hotch-kiss was to pay $10,944.14 additional tax assessments on 1964 taxes, based upon paragraph 6(g) as quoted above, but in view of paragraphs 6(h) and 6(1) this court, in reading all three paragraphs and the final decree, finds that Mona Hotchkiss would not be responsible for the payment of $10,944.14 as her share of the 1964 taxes. Paragraph 6(h) specifically says that Ira A. Hotchkiss is solely and exclusively liable and responsible for the payment of all 1963 income taxes. Paragraph 6(1) shows a transfer of all remaining properties to the defendant.
Under said final decree we hold that Mona Hotchkiss would not owe any taxes *194 of Defendant, Ira A. Hotchkiss, after 1963, and only her share of the liability set out in paragraph 6(f), which has been paid by the appellant as admitted by the appellee.
Reversed.
ANDREWS and CROSS, JJ., and LEAVENGOOD, C. RICHARD, Associate Judge, concur.